## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| BIG TEX TRAILER MANUFACTURING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BIG RENTALS INC., PABLO FERNANDEZ, RYAN KEEN, AND JOHN DOES 1–10, <br><br> Defendants. | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Big Tex Trailer Manufacturing, LLC ("Big Tex Trailers"), for its Complaint against Defendants, Big Rentals Inc. ("Big Rentals"), Pablo Fernandez ("Fernandez"), Ryan Keen ("Keen"), and John Does 1–10, states and alleges as follows:

### Nature of the Case

1.      This is a civil action for infringement of Big Tex Trailers' federally registered trademarks and service marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), contributory infringement, common law trademark infringement and unfair competition, and injury to business reputation under Texas Business and Commerce Code § 16.103. These claims arise from Defendants' unauthorized use of Big Tex Trailers' intellectual property rights in the BIG TEX, BIG TEX TRAILERS, and BIG TEX TRAILERS and Design marks (collectively, the "BIG TEX® Marks") in connection with the marketing, advertising, promotion, provision, offering for sale, and/or sale of Defendants' trailer rental services.

2.      Big Tex Trailers seeks permanent injunctive relief and monetary relief.

1

## Parties

3.      Big Tex Trailers is a limited liability corporation organized and existing under the laws of the state of Texas, with a principal place of business at 950 I-30 East, Mt. Pleasant, Texas 75455.

4.      Upon information and belief, Defendant Big Rentals is a Delaware corporation with a principal place of business at 1151 Walker Road, Suite 366, Dover, Delaware 19904.

5.      Upon information and belief, Defendant Fernandez is a resident of the state of California. Upon information and belief, Defendant Fernandez is a co-founder, owner, and the President of Defendant Big Rentals, and therefore, directs and controls the activities of Defendant Big Rentals, including its policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described in the present Complaint.

6.      Upon information and belief, Defendant Keen is a resident of the state of California. Upon information and belief, Defendant Keen is a co-founder and owner of Defendant Big Rentals, and therefore, directs and controls the activities of Defendant Big Rentals, including its policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, and/or participated in the infringing activities described in the present Complaint.

7.      Big Tex Trailers is presently unaware of the true names and capacities of the Defendants sued herein as John Does 1–10, inclusive, and therefore sues these Defendants by fictitious names. Big Tex Trailers is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is an officer, director, owner, or managing agent of Defendant Big Rentals who directed, authorized, or otherwise willfully participated in the acts of trademark

infringement alleged herein. Big Tex Trailers will amend this Complaint to allege their true names and capacities and effect service of process upon them once identified.

**Jurisdiction and Venue**

8.    This Court has subject matter jurisdiction over Big Tex Trailers' Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.    This Court has subject matter jurisdiction over Big Tex Trailers' related claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10.    This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants engage in continuous and systematic business activities within the State of Texas and this District, such as rendering, offering for sale, selling and providing services to Texas-based and Houston-based customers within this state and District; and/or regularly solicit business in this state and District, deriving substantial revenue from interstate commerce and from this District; and/or have purposefully directed substantial activities at the residents of this District by advertising and selling services in violation of Big Tex Trailers' intellectual property rights, as further described in this Complaint; and/or have committed and directed the willful, tortious conduct described herein directed at persons located in Texas and this District; and/or intended, knew, or reasonably should have known that their conduct would infringe upon the intellectual property rights of Big Tex Trailers, which is organized under the laws of the Texas; and/or enter into contracts and maintain business relationships with Texas-based and Houston-based customers, whether directly or through the Big Rentals platform, thereby establishing contractual and commercial contacts with individuals and businesses in this state and District; and/or have committed and directed the willful, tortious conduct described herein directed at persons located in Texas and this District; and/or have otherwise made or established contacts within Texas and

this District sufficient to permit the exercise of personal jurisdiction. Specifically, Defendants offer and conduct trailer rental services in Texas and within this District in violation of Big Tex Trailers' BIG TEX® Marks without authorization, license, or permission from Big Tex Trailers.

11.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Big Tex Trailers' claims against Defendants occurred in Texas and within this District.

## **Factual Background**

### A.    **Big Tex Trailers' Enforceable Intellectual Property Rights**

12.     Since at least 1982, Big Tex Trailers has been a leading trailer brand, recognized for producing rugged, durable trailers available in a wide range of models and hauling capacities. In addition to trailer manufacturing and sales, Big Tex Trailers provides rental services, retail store offerings, and trailer repair and maintenance services (collectively, the "Big Tex Trailers Goods and Services").

13.     Big Tex Trailers currently provides its Big Tex Trailers Goods and Services nationwide, including in over 400 dealers spanning all 50 states, with at least twenty-two locations in Texas and four in the Houston area alone.

14.     Since long before the infringing acts of Defendants, Big Tex Trailers has adopted and continuously used the BIG TEX® Marks to promote its services, whereby the BIG TEX® Marks have come to identify Big Tex Trailers as the source of its goods and services rendered under the marks.

15.     Due to the duration and extent of Big Tex Trailers' use and advertising of the BIG TEX® Marks nationally, the recognition of the BIG TEX® Marks by numerous third parties, and

the outstanding quality of its goods and services offered under the BIG TEX® Marks, the marks are valuable to Big Tex Trailers.

16.    Big Tex Trailers actively promotes its services under the BIG TEX® Marks to the public and the trailer rental industry by displaying the marks on its trailers, physical signage, advertisements, website, and other marketing materials, true and accurate examples of which are attached as Exhibit A. Representative examples of Big Tex Trailers' use of the BIG TEX® Marks are shown below:

-    On Big Tex Trailers' manufactured trailers:



-    On Big Tex Trailers' website:



- On Big Tex Trailers' storefront signage in Houston, Texas:



17.     Big Tex Trailers has advertised the BIG TEX® Marks not only in the Texas markets, but also nationally. Big Tex Trailers advertises nationally through various forms of media, while maintaining active social media marketing through Facebook, Instagram, LinkedIn, and X (formerly Twitter) accounts to which it posts regularly, and a YouTube channel featuring commercials and other promotional videos, true and accurate excerpts of which are attached as Exhibit B.

18.     Big Tex Trailers owns U.S. Certificate of Trademark Registration No. 2,105,020 for BIG TEX, for its use with trailers, namely, auto, utility, industrial, livestock, equipment, cargo, marine and dump trailers. The registration, a true and accurate copy of which is attached as Exhibit C, issued on the Principal Register on October 14, 1997. This registration is presently live, in good standing, unrevoked, uncancelled and incontestable, and the attached certificate of registration is *prima facie* evidence of Big Tex Trailers' ownership of the registration, its validity, and Big Tex

Trailers' exclusive right to use the BIG TEX mark in connection with the goods and services set forth in the certification of registration.

19.    Big Tex Trailers owns U.S. Certificate of Service Mark Registration No. 4,008,805 for BIG TEX TRAILERS and Design, as depicted below, for its use with retail store services featuring trailers, and repair and maintenance of trailers:



20.    U.S. Certificate of Service Mark Registration No. 4,008,805, a true and accurate copy of which is attached as Exhibit D, issued on the Principal Register on August 9, 2011. This registration is presently live, in good standing, unrevoked, uncancelled and incontestable, and the attached certificate of registration is *prima facie* evidence of Big Tex Trailers' ownership of the registration, its validity, and Big Tex Trailers' exclusive right to use the BIG TEX TRAILERS and Design mark in connection with the services set forth in the certification of registration.

21.    Big Tex Trailers owns U.S. Certificate of Trademark and Service Mark Registration No. 6,645,271 for BIG TEX TRAILERS, for its use with trailers, namely, auto, utility, industrial, livestock, equipment, cargo, marine and dump trailers, retail store services featuring trailers, and repair and maintenance of trailers. The registration, a copy of which is attached as Exhibit E, issued on the Principal Register on February 15, 2022. This registration is presently live, in good standing, unrevoked and uncancelled, and the attached certificate of registration is *prima facie* evidence of Big Tex Trailers' ownership of the registration, its validity, and Big Tex Trailers' exclusive right to use the BIG TEX TRAILERS mark in connection with the services set forth in the certification of registration.

22.    Big Tex Trailers has extensively, exclusively, and continuously used, promoted, marketed, and advertised the BIG TEX® Marks for several decades in the state of Texas and in interstate commerce throughout the United States. During this time, it has achieved substantial sales of goods and services offered under and in connection with the marks, expended significant resources on advertising and marketing, and established strong consumer recognition of the BIG TEX® Marks as identifying Big Tex Trailers as the source of its goods and services.

**B.    Defendants' Infringement**

23.    Upon information and belief, on or around April 2023, Defendant Big Rentals was incorporated in Delaware to provide, among other things, trailer rental services.

24.    Upon information and belief, Defendant Fernandez and Defendant Keen co-founded Big Rentals and at least Defendant Fernandez currently acts as a director of Defendant Big Rentals. On information and belief, Defendant Fernandez and Defendant Keen still own, operate, and/or manage Defendant Big Rentals, and direct and control its activities, including its policies, procedures, advertising, marketing, and compliance with intellectual property law.

25.    Upon information and belief, since the incorporation of Big Rentals and without the permission or approval of Big Tex Trailers, Defendants have used the name "BIG RENTALS" to market, promote, offer for sale, and sell trailer rental services, including renting trailers directly and providing a marketplace for trailer owners to list their trailers.

26.     Defendants' use of their brand logo bears a striking resemblance to Big Tex Trailers' use of its BIG TEX® Marks for identical and/or related products and services. A side-by-side comparison of the registered BIG TEX TRAILERS and Design mark with an infringing Big Rentals logo (the "Infringing Logo") is shown below:

**Big Tex Trailers' Use**　　　　　　　　**Big Rentals' Infringing Logo**
**of its Registered Mark:**　　　　　　　　**(the "Infringing Logo"):**

　　

27.     Defendants' Infringing Logo blatantly copies the first element of Big Tex Trailers' mark, "BIG", using the same dominant colors and font. It also combines this identical element to create unitary mark format, mimicking Big Tex Trailers' mark structure, with similarly arranged details under the second word element.

28.     On October 24, 2024, upon becoming aware of Defendants' use of the name "BIG RENTALS" and strikingly similar marks, Big Tex Trailers, through its counsel, sent a letter demanding that Defendants cease using the Infringing Logo and any other design or trademark confusingly similar to the BIG TEX® Marks. A true and accurate copy of the cease-and-desist letter is attached as Exhibit F.

29.     Following Big Tex Trailers' issuance of the cease-and-desist letter, counsel for Big Tex Trailers followed up on subsequent occasions, including November 11, 2024, January 3, 2025, and February 5, 2025. Despite Big Tex Trailers' repeated demands that Defendants cease infringement of the BIG TEX® Marks, Defendants have failed to discontinue use and infringement of the BIG TEX® Marks.

30.     Defendants currently solicit and transact business through their website, a true and accurate copy of excerpts of which is attached as Exhibit G, to provide the same or substantially identical services offered by Big Tex Trailers to businesses and individuals. Persons and businesses can seek services directly from Defendants' website, "bigrentals.com", which prominently displays "BigRentals" and the Infringing Logo on their home page and other pages that may be linked to from the home page, as shown below:



31.     Individuals and businesses seeking trailer rental services may request services online from either Big Tex Trailers or Defendants in Texas, and specifically in the Houston area, where both operate and target the same consumers as shown in Exhibit H and illustrated in the exemplary locations shown below:



Above image available at https://www.bigtextrailers.com/locate-a-dealer/, accessed 10/15/2025.



Above image available at https://bigrentals.com/trailer-rentals/results?city=Houston%2C%20TX,

accessed 10/15/2025.

32.     Defendants' use of marks with nearly identical variations of the BIG TEX® Marks to promote and provide identical trailer rental services exploits the goodwill that Big Tex Trailers has acquired and continues to establish in its BIG TEX® Marks—marks known and recognized by consumers as the source of Big Tex Trailers' goods and services.

33.    Defendants' advertising, promotion, offering, and sale of trailer rental services are directed to the same consumers that Big Tex Trailers advertises, promotes, offers, and sells its trailer rental services.

34.    Defendants' use of nearly identical variations of the BIG TEX® Marks in connection with identical services marketed to identical consumers is likely to—and inevitably will—lead consumers to erroneously believe that Defendants are affiliated, connected, or otherwise associated with Big Tex Trailers and the services offered and provided under the BIG TEX® Marks.

35.    Upon information and belief, Defendants have generated profits through the misappropriation of the BIG TEX® Marks, to which they are not entitled.

36.    Upon information and belief, Defendants' continued violation of Big Tex Trailers' intellectual property rights after repeated notifications from Big Tex Trailers is and has been willful, in bad faith, with malicious intent, and with blatant and intentional disregard to Big Tex Trailers' proprietary rights established in its BIG TEX® Marks.

37.    Upon information and belief, Defendants will continue their infringing activities using Big Tex Trailers' BIG TEX® Marks.

38.    Upon information and belief, Defendants have commenced and continued their infringing activities with full knowledge of Big Tex Trailers' prior rights, as demonstrated through Defendants' refusal to comply with Big Tex Trailers' repeated demands that Defendants cease infringement of Big Tex Trailers' BIG TEX® Marks. Thus, Defendants' ongoing use is in violation of Big Tex Trailers' prior rights and will continue unless enjoined by this Court.

## Count I – Infringement of Registration No. 2,105,020
## 15 U.S.C. §1114(1)

39.    Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

40.    Defendants' use of "BIG RENTALS" including without limitation in their trailer rental services website, company name, and Infringing Logo to identify its trailer rental services constitutes use of a counterfeit, copy, and colorable imitation of Big Tex Trailers' trademark, Registration No. 2,105,020, for BIG TEX, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods and services of Defendants emanate from the same source of the goods and services by Big Tex Trailers, or that there is some connection, sponsorship, or affiliation between the goods and services of Defendants and Big Tex Trailers.

41.    Such conduct of Defendants constitutes an infringement of Big Tex Trailers' federally registered mark, Registration No. 2,105,020, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 *et seq.*

42.    Upon information and belief, Defendants' conduct has been, or at least continues, with the intent to willfully appropriate the marks and goodwill of Big Tex Trailers and to intentionally deceive the purchasing public, and constitutes a violation that consists of using a federally registered mark in connection with the sale, offering for sale, or distribution of Defendants' goods and services in violation of 15 U.S.C. § 1114(1).

43.    Defendants are aware of the prior rights of Big Tex Trailers and will continue their infringing conduct unless enjoined by this Court. Defendants' infringing conduct creates a likelihood of confusion with the BIG TEX mark, causing irreparable harm to Big Tex Trailers. Thus, Big Tex Trailers is without a full and adequate remedy at law.

44.     Big Tex Trailers is entitled to recover up to three times actual damages, in an amount to be proven at trial, which may include without limitation (i) Defendants' profits gained as a result of Defendants' infringement, (ii) any damages sustained by Big Tex Trailers as a result of Defendants' infringement, and (iii) the costs of this action.

45.     Defendants' intentional and willful misconduct renders this an exceptional case, entitling Big Tex Trailers to attorneys' fees and interest.

### Count II – Infringement of Registration No. 4,008,805
### 15 U.S.C. § 1114(1)

46.     Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

47.     Defendants' adoption and use of "BIG RENTALS" including without limitation in their trailer rental services website, company name, and Infringing Logo to identify its trailer rental services constitutes use of a counterfeit, copy, and colorable imitation of Big Tex Trailers' trademark, Registration No. 4,008,805, for BIG TEX TRAILERS and Design, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods and services of Defendants emanate from the same source of the goods and services by Big Tex Trailers, or that there is some connection, sponsorship, or affiliation between the goods and services of Defendants and Big Tex Trailers.

48.     Such conduct of Defendants constitutes an infringement of Big Tex Trailers' federally registered mark, Registration No. 4,008,805, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 *et seq*.

49.     Upon information and belief, Defendants' conduct has been, or at least continues, with the intent to willfully appropriate the marks and goodwill of Big Tex Trailers and to intentionally deceive the purchasing public, and constitutes a violation that consists of using a

federally registered mark in connection with the sale, offering for sale, or distribution of Defendants' goods and services in violation of 15 U.S.C. § 1114(1).

50.     Defendants are aware of the prior rights of Big Tex Trailers and will continue their infringing conduct unless enjoined by this Court. Defendants' infringing conduct creates a likelihood of confusion with the BIG TEX TRAILERS and Design mark, causing irreparable harm to Big Tex Trailers. Thus, Big Tex Trailers is without a full and adequate remedy at law.

51.     Big Tex Trailers is entitled to recover up to three times actual damages, in an amount to be proven at trial, which may include without limitation (i) Defendants' profits gained as a result of Defendants' infringement, (ii) any damages sustained by Big Tex Trailers as a result of Defendants' infringement, and (iii) the costs of this action.

52.     Defendants' intentional and willful misconduct renders this an exceptional case, entitling Big Tex Trailers to attorneys' fees and interest.

<u>**Count III – Infringement of Registration No. 6,645,271**</u>
<u>**15 U.S.C. §1114(1)**</u>

53.     Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

54.     Defendants' use of "BIG RENTALS" including without limitation in their trailer rental services website, company name, and Infringing Logo to identify its trailer rental services constitutes use of a counterfeit, copy, and colorable imitation of Big Tex Trailers' trademark, Registration No. 6,645,271, for BIG TEX TRAILERS, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods and services of Defendants emanate from the same source of the goods and services by Big Tex Trailers, or that there is some connection, sponsorship, or affiliation between the goods and services of Defendants and Big Tex Trailers.

16

55.    Such conduct of Defendants constitutes an infringement of Big Tex Trailers' federally registered mark, Registration No. 6,645,271, as set forth above and is actionable under the provisions of 15 U.S.C. § 1051 *et seq*.

56.    Upon information and belief, Defendants' conduct has been, or at least continues, with the intent to willfully appropriate the marks and goodwill of Big Tex Trailers and to intentionally deceive the purchasing public, and constitutes a violation that consists of using a federally registered mark in connection with the sale, offering for sale, or distribution of Defendants' goods and services in violation of 15 U.S.C. § 1114(1).

57.    Defendants are aware of the prior rights of Big Tex Trailers and will continue their infringing conduct unless enjoined by this Court. Defendants' infringing conduct creates a likelihood of confusion with the BIG TEX TRAILERS mark, causing irreparable harm to Big Tex Trailers. Thus, Big Tex Trailers is without a full and adequate remedy at law.

58.    Big Tex Trailers is entitled to recover up to three times actual damages, in an amount to be proven at trial, which may include without limitation (i) Defendants' profits gained as a result of Defendants' infringement, (ii) any damages sustained by Big Tex Trailers as a result of Defendants' infringement, and (iii) the costs of this action.

59.    Defendants' intentional and willful misconduct renders this an exceptional case, entitling Big Tex Trailers to attorneys' fees and interest.

### Count IV – Unfair Competition and False Designation of Origin
### 15 U.S.C. §1125(a)

60.    Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

61.    Defendants' conduct, including the use of BIG RENTALS in connection with their trailer rental services and in their advertising, promotion, and rendering of their trailer rental

17

services, constitutes a false designation of origin that is likely to cause confusion, to cause mistake, or to deceive the purchasing public and others as to the affiliation, connection, or association of Defendants with Big Tex Trailers, or as to the origin, sponsorship, approval of their goods, services and commercial activities with Big Tex Trailers, and constitutes unfair competition under 15 U.S.C. § 1125(a).

62.    Upon information and belief, such conduct has been willful and intentional with the purpose of misleading the public into believing that the goods and services of Big Rentals are in some way sponsored by, affiliated with, or connected to the goods and services previously provided by Big Tex Trailers under the BIG TEX® Marks, all of which are contrary to fact.

63.    Upon information and belief, such conduct of Defendants is ongoing and has caused and will continue to cause irreparable harm to Big Tex Trailers unless enjoined by this Court. Thus, Big Tex Trailers is without full and adequate remedy at law.

64.    Big Tex Trailers is entitled to recover up to three times actual damages, in an amount to be proven at trial, which may include without limitation (i) Defendants' profits gained as a result of Defendants' false designation of origin and acts of unfair competition, (ii) any damages sustained by Big Tex Trailers as a result of Defendants' false designation of origin and acts of unfair competition, and (iii) the costs of this action.

65.    Defendants' intentional and willful misconduct renders this an exceptional case, entitling Big Tex Trailers to attorneys' fees and interest.

### Count V – Contributory Trademark Infringement, Unfair Competition, and False Designation of Origin (As to Defendant Fernandez)

66.    Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

67.     Defendants are engaging in illegal conduct, including without limitation, the advertisement, promotion, provision, offer for sale, sale, and provision of competing trailer rental services under Big Tex Trailers' BIG TEX® Marks, in violation of the Lanham Act.

68.     Defendant Fernandez has actual knowledge of the illegal activities from, at minimum, written notice of these activities from Big Tex Trailers to Defendants.

69.     With complete disregard to Big Tex Trailers' written notice and Big Tex Trailers' rights in the BIG TEX® Marks, Defendant Fernandez has continued to materially encourage, enable, and facilitate Defendant Big Rentals' illegal activities of advertising, promoting, offering, selling, and providing the competing trailer rental services under the BIG TEX® Marks, and unjustly personally profiting from such activities that blatantly palm off Big Tex Trailers' goodwill.

70.     Defendant Fernandez is therefore contributorily liable for the illegal and tortious activities alleged in this Complaint, in violation of the Lanham Act and the common law.

71.     Big Tex Trailers has no adequate remedy at law for Defendant Fernandez's contributory trademark infringement, false designation of origin, and acts of unfair competition, and Big Tex Trailers has suffered irreparable harm as a result of Defendant Fernandez's contributory acts.

72.     As a result of Defendant Fernandez's wrongful contributory conduct, Big Tex Trailers has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Big Tex Trailers is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees, the costs of this action, and any and all other relief authorized by law.

### Count VI – Contributory Trademark Infringement, Unfair Competition, and False Designation of Origin (As to Defendant Keen)

73.    Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

74.    Defendants are engaging in illegal conduct, including without limitation, the advertisement, promotion, provision, offer for sale, sale, and provision of competing trailer rental services under Big Tex Trailers' BIG TEX® Marks, in violation of the Lanham Act.

75.    Upon information and belief, Defendant Keen has actual knowledge of the illegal activities from, at minimum, written notice of these activities from Big Tex Trailers to Defendants.

76.    With complete disregard to Big Tex Trailers' written notice and Big Tex Trailers' rights in the BIG TEX® Marks, Defendant Keen has continued to materially encourage, enable, and facilitate Defendant Big Rentals' illegal activities of advertising, promoting, offering, selling, and providing the competing trailer rental services under the BIG TEX® Marks, and unjustly personally profiting from such activities that blatantly palm off Big Tex Trailers' goodwill.

77.    Defendant Keen is therefore contributorily liable for the illegal and tortious activities alleged in this Complaint, in violation of the Lanham Act and the common law.

78.    Big Tex Trailers has no adequate remedy at law for Defendant Keen's contributory trademark infringement, false designation of origin, and acts of unfair competition, and Big Tex Trailers has suffered irreparable harm as a result of Defendant Keen's contributory acts.

79.    As a result of Defendant Keen's wrongful contributory conduct, Big Tex Trailers has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Big Tex Trailers is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees, the costs of this action, and any and all other relief authorized by law.

20

### Count VII – Contributory Trademark Infringement, Unfair Competition, and False Designation of Origin (As to Defendants John Does 1–10)

80.     Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

81.     Defendants are engaging in illegal conduct, including without limitation, the advertisement, promotion, provision, offer for sale, sale, and provision of competing trailer rental services under Big Tex Trailers' BIG TEX® Marks, in violation of the Lanham Act.

82.     Upon information and belief, Defendants John Does 1–10 have actual knowledge of the illegal activities from, at minimum, written notice of these activities from Big Tex Trailers to Defendants.

83.     With complete disregard to Big Tex Trailers' written notice and Big Tex Trailers' rights in the BIG TEX® Marks, Defendants John Does 1–10 have continued to materially encourage, enable, and facilitate Defendant Big Rentals' illegal activities of advertising, promoting, offering, selling, and providing the competing trailer rental services under the BIG TEX® Marks, and unjustly personally profiting from such activities that blatantly palm off Big Tex Trailers' goodwill.

84.     Defendants John Does 1–10 are therefore contributorily liable for the illegal and tortious activities alleged in this Complaint, in violation of the Lanham Act and the common law.

85.     Big Tex Trailers has no adequate remedy at law for Defendants John Does 1–10's contributory trademark infringement, false designation of origin, and acts of unfair competition, and Big Tex Trailers has suffered irreparable harm as a result of Defendants John Does 1–10's contributory acts.

86.     As a result of Defendants John Does 1–10's wrongful contributory conduct, Big Tex Trailers has been damaged in an amount not as yet determined or ascertainable. At a minimum,

however, Big Tex Trailers is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees, the costs of this action, and any and all other relief authorized by law.

### Count VIII – Common Law Trademark Infringement and Unfair Competition

87.     Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

88.     Defendants' acts described in this Complaint constitute trademark infringement and unfair competition in violation of the common law of the State of Texas by a deliberate course of conduct, all without authorization, license, privilege, or justification.

89.     Defendants' acts have created and, unless restrained by this Court, will continue to create confusion and deception of the consuming public as to the source of origin of Defendants' services, to the detriment of Big Tex Trailers and causing irreparable injury to Big Tex Trailers, for which Big Tex Trailers has no adequate remedy at law.

90.     Defendants have acted with full knowledge of Big Tex Trailers' rights in and use of the BIG TEX® Marks, and without regard to the likelihood of confusion and deception of the public created by Defendants' activities, demonstrating an intentional, willful, and malicious intent to trade on the goodwill of the BIG TEX® Marks associated with Big Tex Trailers, to the substantial and irreparable injury of Big Tex Trailers.

91.     As a result of Defendants' acts, Big Tex Trailers has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, Big Tex Trailers is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorneys' fees and costs, and any and all other relief authorized by law.

## Count IX – Injury to Business Reputation
### Tex. Bus. & Com. Code § 16.103

92.     Big Tex Trailers incorporates by reference and realleges the averments of all preceding paragraphs as if set forth fully in this paragraph.

93.     Big Tex Trailers is the owner of the BIG TEX® Marks, and on its own, has built up valuable goodwill in its BIG TEX® Marks over the past four decades, including through historical, prominent, and continuous use of the BIG TEX® Marks in commerce in Texas.

94.     Big Tex Trailers' BIG TEX® Marks are widely recognized by the public throughout this state and within this District as a designation of Big Tex Trailers' provision of its trailers and trailer sales, rental, and maintenance services.

95.     Defendants' acts described in this Complaint constitute injury to Big Tex Trailers' business reputation under Tex. Bus. & Com. Code § 16.103 and the common law of the State of Texas, namely by Defendants engaging in an intentional course of conduct to copy, misappropriate, use, and unlawfully exploit Big Tex Trailers' valuable intellectual property rights, including without limitation by infringing Big Tex Trailers' rights in its BIG TEX® Marks, by falsely representing an association or affiliation with Big Tex Trailers, and by other conduct designed to intentionally palm off Big Tex Trailers' goodwill in the BIG TEX® Marks to the detriment of Big Tex Trailers, damaging Big Tex Trailers' business reputation and diluting the acquired famous and distinctive quality of Big Tex Trailers' intellectual property.

96.     Defendants' conduct is damaging and causing irreparable injury to Big Tex Trailers in an amount not as yet determined or ascertainable. At a minimum, however, Big Tex Trailers is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorneys' fees and costs, and any and all other relief authorized by law.

**Prayer for Relief**

Big Tex Trailers requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award Big Tex Trailers relief, including without limitation, the following:

1.     Permanently enjoin and restrain Defendants and their officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Defendants, from:

      a.  Using BIG RENTALS, or any name or mark confusingly similar to any BIG TEX® Marks, alone or in combination with any other letters, words or marks, as a trademark, service mark or trade or corporate name or in connection with the advertising, offering for sale, or actual sale of services or goods of Defendants;

      b.  Using BIG RENTALS, or any other name or mark confusingly similar to any BIG TEX® Marks, and/or incorporating any of Big Tex Trailers' BIG TEX® Marks in such use, including any use of any confusingly similar mark in any trade name, domain name, advertising, promotional materials, course materials, or any metatags used on or in connection with any domain name of Defendants;

      c.  Passing off, inducing others or enabling others to sell or pass off any good or service of Defendants as that of Big Tex Trailers; and

      d.  Committing any other acts calculated to cause purchasers to believe that Defendants' services are the services of Big Tex Trailers or are in any manner sponsored, endorsed, licensed, or approved by Big Tex Trailers.

2.     Require Defendants to immediately discontinue using any and all signs or insignia, stationery, advertising, website, URL, and promotional materials bearing the BIG TEX® Marks,

24

or any name confusingly similar thereto, any marks or designs owned by Big Tex Trailers, or any variation thereof, or any name or design substantially similar thereto.

3.    Require that, pursuant to 15 U.S.C. § 1118, Defendants deliver up for destruction any catalogs, circulars, signs, prints, books, instructional materials, advertising and packaging materials, labels, wrappers, stationery or any other materials in the Defendants' possession or under their control and bearing any of the BIG TEX® Marks, or any derivation thereof, or any mark confusingly similar thereto.

4.    Find Defendants' tortious acts to be willful.

5.    Find this case to be exceptional.

6.    Grant to Big Tex Trailers an award and accounting of Defendants' profits, any damages sustained by Big Tex Trailers due to the infringement by Defendants, and all profits or damages to be trebled and/or statutory damages, the costs of this action, and Big Tex Trailers' attorneys' fees, pursuant to the provisions of 15 U.S.C. § 1117.

7.    Award punitive damages for Defendants' acts of unfair competition.

8.    Grant to Big Tex Trailers such further relief as may be equitable and proper.

## **Jury Demand**

Big Tex Trailers demands a trial by jury on all issues so triable.

25

Dated: October 24, 2025                    Respectfully submitted,


                                           _/s/ Eugene Zilberman_
                                           Eugene Zilberman
                                           State Bar No. 24110577
                                           1001 Fannin, Suite 720
                                           Houston, Texas 77002
                                           Telephone: (281) 658-9060
                                           ezilberman@mbssmartlaw.com


                                           Matthew B. Walters, *pro hac vice forthcoming*
                                           mwalters@hoveywilliams.com
                                           HOVEY WILLIAMS LLP
                                           10801 Mastin Street, Suite 1000
                                           Overland Park, KS 66210
                                           Phone: (913) 647-9050 Fax: (913) 647-9057


                                           *ATTORNEYS FOR*
                                           *BIG TEX TRAILER MANUFACTURING, LLC*