United States District Court
Southern District of Texas
**ENTERED**
May 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

BIG TEX TRAILER MANUFACTURING, LLC,

   Plaintiff,

 v.

BIG RENTALS INC., PABLO FERNANDEZ,
RYAN KEEN, and JOHN DOES 1–10,

   Defendants.

Case No. 4:25-cv-5091

## STIPULATED PROTECTIVE ORDER

The Parties in this Action, Plaintiff, Big Tex Trailer Manufacturing, LLC, and Defendants, Big Rentals Inc., Pablo Fernandez, Ryan Keen, and John Does 1–10, anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information will be disclosed or produced during the course of discovery and disclosures in this Action.

In order to facilitate disclosure and production and to protect the relative interests of the Parties, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c). Therefore, the Parties stipulate as follows:

**1. PURPOSES AND LIMITATIONS**

(a) Under the terms of this Protective Order, Protected Material received by a Receiving Party shall be used for purposes of the prosecution and defense of this Action, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such Protected Material as herein provided. All produced Protective Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.

1

(b)  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a), and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw or change the designation.

2.    **DEFINITIONS**

(a) "Action" means the above-captioned case.

(b) "Discovery Material" means all items or information, including from any Third Parties, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Action.

(c) "Outside Counsel" means (i) outside counsel of record for a Party and (ii) partners, associates, and paralegals of such counsel to whom it is reasonably necessary to disclose the information for this Action.

(e) "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(f) "Producing Party" means any Party or Third Party that discloses or produces any Discovery Material in this Action.

2

(g) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY," as provided for in this Protective Order. Protected Material shall not include: (i) any materials that have been actually published or publicly disseminated; (ii) materials that show on their face that they have been disseminated to the public; (iii) publicly available material; and (iv) Discovery Materials that have been submitted to any governmental entity without request for confidential treatment.

(h) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i) "Third Parties" means persons, organizations or entities who are not named Parties in this Action.

## 3.    COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure and Local Rules for the Southern District of Texas.

## 4.    SCOPE

(a) The protections conferred by this Protective Order apply not only to all Discovery Material, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Protective

Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c) Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Discovery Material in court or in any court filing, provided the Party complies with Local Rules regarding the filing of documents under seal, the provisions of this Protective Order, and any other applicable order of the Court.

## 5.    DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

(a) <u>Basic Principles.</u> All Protected Material shall be used as set forth herein, and such use shall be solely for this Action or any related appellate proceeding. Protected Material shall not be distributed, disclosed, or made available to any persons, organizations, or entities except as expressly provided in this Protective Order.

(b) <u>Legal Advice Based on Protected Material.</u> Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon any Protected Material, provided counsel does not disclose the Protected Material itself except as permitted by this Protective Order.

(c) <u>Third Party Discovery.</u> Nothing in this Protective Order shall limit or impair the ability of either Party to obtain and use Third Party discovery. The provisions of this Protective Order shall govern all discovery sought from Third Parties in this Action, and Third Parties will be entitled to the protections of this Protective Order.

**7.　DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material pursuant to this Protective Order, provided that it meets the requirements for such designations as provided below, with any of the following designations: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY."

(b) <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Third Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate or routinized designations are prohibited. Designations that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the discovery process or to impose unnecessary expenses and burdens on other parties) may expose the Producing Party to sanctions.

(c) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires the following:

(i) <u>Written Discovery and Documents</u>. Written discovery and documents (including "electronically stored information," as that phrase is used in Federal Rule of Procedure 34, but excluding transcripts of depositions or other pretrial or trial proceedings) that meet the requirements for the confidentiality designations listed in Section 7(a) should be so designated by affixing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party should mark each viewable page or image with the appropriate designation. For materials that cannot be

5

reasonably marked on each page, the Producing Party may mark the medium, container, and/or communication in which the digital files were contained or to which they were attached (*e.g.*, for materials produced in native format, by placing the appropriate designation in the filename of the produced material). All Protected Material that cannot be designated as set forth above shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

(ii) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate testimony given in deposition and in other pretrial or trial proceeding with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within fourteen (14) days of receipt of the transcript of the testimony. Only those portions of the testimony that are appropriately designated on the record or in writing within the time allowed for designation shall be covered by the provisions of this Protective Order.

Parties shall give written notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other interested Parties can ensure that only authorized individuals who have signed <u>Exhibit A</u>, appended to this Protective Order, are present at those proceedings.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Producing Party. The Producing Party shall inform the court reporter of these requirements. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the Protective Order in this Action or pursuant to written stipulation of the Parties."

(iii) Tangible and other non-documentary materials. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate designation.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by this Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel of record;

(ii) Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

7

(iii) Not more than two (2) representatives of the Receiving Party, including in-house counsel who are officers or employees of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that:

(a) each such person must agree to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(b) at least seven (7) days prior to disclosure of any Protected Material to such person, the Receiving Party must provide, along with the signed copy of Exhibit A, an email to the Producing Party stating that the party intends to show information subject to the protective order to such person, including identification of such person by name and title; and

(c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party.

The two representatives designated to receive CONFIDENTIAL material may not be rotated, substituted, or replaced absent the prior written consent of the Producing Party or a court order upon good cause shown.

(iv) Any outside expert or consultant retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party as set forth in Section 10 below.

(v) Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(vi) With respect to a particular document, an individual who is reasonably believed to have knowledge of the document or is shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(vii) Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

(viii) The Court, jury, and court personnel;

(ix) Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(x) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(xi) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xii) Any other person with the prior written consent of the Producing Party.

9. **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY" only if it contains or reflects information that is

extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

(b) Unless otherwise ordered by this Court, Discovery Material designated as "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's Outside Counsel of record;

(ii) Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party as set forth in Section 11 below;

(iv) Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(v) With respect to a particular document, an individual who is reasonably believed to have the knowledge of the document or shown on the face of the document to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(vi) Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

(vii) The Court, jury, and court personnel;

(viii) Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(ix) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x) Any other person with the prior written consent of the Producing Party.

## 10.    NOTICE OF DISCLOSURE

(a) Written Notice. Prior to disclosing any Protected Material to any person described in Sections 8(b)(iii), 8(b)(iv), or 9(b)(iii), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an up-to-date curriculum vitae of the Person; (iv) to the extent not disclosed on the current CV, the Expert shall identify each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years[1]; (iv) the Parties shall note in the listing of employment if the Person was employed by the other side as a consulting expert in the last five (5) years to the extent known; (vi) a list of the cases in which the Person has testified at deposition or trial within the last

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the designating Party regarding any such engagement.

11

five (5) years; and (vii) a signed copy by the Person of the "Agreement to Be Bound by this Protective Order" (Exhibit A). A Party that gives notice pursuant to this sub-section may disclose the designated Protected Material(s) to the identified person unless the Party receives a written objection from the Producing Party in compliance with the below procedures.

(b) Objecting to the Notice. Within five (5) calendar days of receipt of the written notice, the Producing Party or Parties may object in writing to the person for good cause. Any such objection must set forth in detail the grounds upon which it is based, including any claim that the notice was deficient or inadequate. In the absence of an objection at the end of that five (5) day period, the person shall be deemed approved under this Protective Order, and the Party may disclose the designated Protected Material to the identified person. There shall be no disclosure of Protected Material to the person prior to expiration of this five (5) day period.

(c) Meet and Confer. If the Producing Party objects to disclosure to the person within the period set forth above, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis. During the meet and confer process, the Party objecting to the notice shall describe the basis for the objection and must explain the basis for its objectively reasonable concern that the person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Protective Order.

(d) Court Intervention. If the objection is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from this Court. If relief is not sought from this Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the person in question until this Court

resolves the objection. If the Producing Party fails to move for a protective order within time set forth above, Protected Material may thereafter be provided to the person.

(e) Late Objections. An initial failure to object to a person under this section shall not preclude the non-objecting Party from later objecting to continued access by that person for good cause (for example, where facts suggesting a basis for objection could not have been discovered by the objecting Party or its counsel, exercising due diligence, within the period for making a timely objection). However, a late objection to a Person cannot be made on the basis of information disclosed pursuant to this section, except to the extent that said disclosure contained a material omission or misrepresentation. If a later objection is made, the same time limits apply for the Parties to meet and confer and for the Party objecting to disclosure to seek relief from this Court; however, the person shall be permitted to continue to access and use Protected Material until this Court resolves the matter or the Producing Party withdraws its objection.

## 11.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) At any time after delivery of Protected Documents, counsel for the Receiving Party may challenge the designation of all or any portion thereof. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) To challenge any designation under this Protective Order, the following procedures shall apply:

(i) Written Notice. Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the specific grounds for the

objection. A notice may challenge the designations of more than one document. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of this Protective Order.

(ii) <u>Meet and Confer</u>. If the Producing Party is unwilling to withdraw the disputed designation in response to the written notice, the parties shall meet and confer, within five (5) days of service of said notice, either in person, in writing, or by telephone, in a good faith effort to resolve the dispute. During the meet and confer process, the Receiving Party shall describe the basis for each challenge and the Producing Party must explain the basis for its belief that the chosen confidentiality designations are appropriate. If the Parties are unable to agree as to whether the confidential designation of discovery material is appropriate during the meet and confer process, the Receiving Party shall certify to this Court that the Parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Materials.

(iii) <u>Judicial Intervention</u>. Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained. The Parties' entry

14

into this Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establishing any presumption that a particular designation is valid, or altering the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

(iv) Notwithstanding any challenge to its designation, the Protected Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (1) the Party who designated the Protected Material in question withdraws or modifies such designation in writing or (2) this Court rules that the Protected Material in question is not entitled to the designation.

## 12.    SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 13.    FILING PROTECTED MATERIAL

(a) Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b) Any Receiving Party may be authorized to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Protective Order, upon leave of the Court pursuant to a previously filed Motion to File Under Seal.

15

14.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Party of Discovery Material subject to protection under this Protective Order, will not waive the applicable protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is protected, each Receiving Party shall immediately return or certify destruction of such Discovery Material and all copies to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(d) If a Receiving Party receives Discovery Material that the Receiving Party believes may be inadvertently or unintentionally produced protected Discovery Material, the Receiving Party shall notify the Producing Party promptly after it is discovered that the Discovery Material may have been inadvertently or unintentionally produced. If a Party or non-party requests the return, pursuant to this Paragraph, of any inadvertently produced protected Discovery Material, the Receiving Party shall not use or disclose, and immediately cease any prior use of such materials and within two (2) business days return to the Receiving Party or non-party the inadvertently produced protected Discovery Material and destroy all copies thereof. No one will use the fact of production of a document over which the Producing Party later asserts protection to argue the protection has been waived. The return of any inadvertently produced protected Discovery Material shall not preclude the Receiving Party from moving the Court for an order that the

16

Discovery Material was never immune from disclosure or that any applicable immunity has been waived by some act other than the production of the Discovery Material.

## 15.    INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies the Receiving Party that such Discovery Material is protected under one of the categories of this Protective Order within five (5) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within five (5) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall destroy all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in section 15(c) below) at the appropriately designated level pursuant to the terms of this Protective Order.

(c) Protected Material produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to

17

individuals so that they can be re-labeled with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" shall apply on a going-forward basis.

**16.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) In addition to paragraph (a) above, the Party responsible for having made such disclosure shall also use its best efforts to bind such person or party to the terms of this Protective Order and (i) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing party and asked to return the information; (ii) such person shall be identified to the Producing Party of the Discovery Material; and (iii) the person to whom disclosure was made shall be requested to sign Exhibit A hereto. Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

(c) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

18

## 17.    FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within ninety (90) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Parties in receipt of Protected Material shall either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes and is overwritten in the normal course of business or (ii) is subject to legal hold obligations. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to Court order.

## 18.    MISCELLANEOUS

(a) Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by this Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Survival. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of this Action. The Court shall retain jurisdiction after Final Determination of this Action to hear and resolve any disputes arising out of this Protective Order.

(c) <u>Successors.</u> This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) <u>Modification by Court.</u> This Protective Order is subject to further Court order based upon public policy or other considerations, and this Court may modify this Protective Order *sua sponte* in the interests of justice. The United States District Court for Southern District of Texas is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Southern District of Texas.

(e) Nothing in this Protective Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**SO STIPULATED** on May 12, 2026 by:

/s/ *Matthew B. Walters*

Eugene Zilberman, State Bar No. 24110577
  ezilberman@mbssmartlaw.com
MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Texas 77002
(281) 658-9060

Matthew B. Walters, *pro hac vice*
  mwalters@hoveywilliams.com
Todd A. Gangel, *pro hac vice*
  tgangel@hoveywilliams.com
Nathan W. Elmer, *pro hac vice*
  nelmer@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Street, Suite 1000
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

*Attorneys for Plaintiff*

/s/ *Zakary Rodriguez*

Ahaji Amos, State Bar No. 24054409
  ahaji@ahajiamos.com
Jaylon A. Carr, *pro hac vice*
  jcarr@ahajiamos.com
AHAJI AMOS, PLLC
801 Travis Street, Suite 2101
Houston, Texas 77002
(855) 266-7552

Zakary Rodriguez, State Bar No. 24143352
  zak@zrodlaw.com
ZROD LAW PLLC
429 College Avenue, #103
Fort Worth, Texas 76104
(210) 324-0485

*Attorneys for Defendants Big Rentals Inc.,
Pablo Fernandez, and Ryan Keen*

**SO ORDERED** on ___May 12___, 2026.


The Honorable Lee H. Rosenthal
Senior United States District Judge


## Certificate of Service

On May 12, 2026, a true copy of the foregoing document was filed using the Court's CM/ECF system, which delivered electronic notice of such filing to all registered counsel of record.

/s/ *Matthew B. Walters*
Matthew B. Walters

21

## EXHIBIT A

I, _____, acknowledge and declare that I have received

a copy of the Protective Order Regarding the Disclosure and Use of Discovery in connection with

Big Tex Trailer Manufacturing, LLC v. Big Rentals Inc., et al., United States District Court,

Southern District of Texas, Houston Division, Civil Action No. 4:25-cv-05091. Having read and

understood the terms of the Protective Order, I agree to be bound by the terms of the Protective

Order.

1.  My business address is:

    _____

    _____

19. My present employer is:

    _____

    _____

20. My present occupation or job description (including my title) is:

    _____

    _____

4.  I have received a copy of the Protective Order in this action. I have carefully read and

    understand the provisions of the Protective Order.

5.  I will comply with all of the provisions of the Protective Order. I will hold in confidence,

    will not disclose to anyone not qualified under the Protective Order, and will use only for

    purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY

    CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

6. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____        Signature: _____